

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-12-2006

# Mangrum v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3818

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Mangrum v. Comm Social Security" (2006). *2006 Decisions.* Paper 916.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/916

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3818
_____

Virgil N. Mangrum

v.

Jo Anne B. Barnhart,
Commissioner of Social Security

_____

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 04-cv-00149)
District Judge: Honorable Joseph J. Farnan
_____

Submitted Under Third Circuit LAR 34.1(a)
June 9, 2006

BEFORE: BARRY, CHAGARES and COWEN, <u>CIRCUIT JUDGES</u>

(Filed June 12, 2006 )
_____

OPINION
_____


PER CURIAM

Virgil Mangrum claims that the Administrative Law Judge ("ALJ") erred by

denying his claim for supplemental security income ("SSI") under title XVI of the Social

Security Act, 42 U.S.C. § 1381 et seq.  The District Court granted summary judgment to the Commissioner of Social Security ("Commissioner"), affirming the Commissioner's final decision denying the his claim.  For the reasons below, we will affirm.[1]

As we write primarily for the parties, we give only a brief description of the facts. Mangrum filed the present application for supplemental security income in February 2001.  He claims that chronic lower back pain, which resulted from a car accident in August 1998, prevents him from working.  He was 45 years old at the time of the accident.  Mangrum holds a GED and completed a computer literacy course after the accident.  His past work experience is mostly light to medium unskilled labor.  He had surgery in 2003 for his back pain, a provocative discography.

In order to collect SSI, Mangrum must prove that he is unable to work in because of a "medically determinable physical or mental impairment" which lasts at least twelve months.  42 U.S.C. § 1382c(a)(3)(A).  It is Mangrum's burden to provide evidence of his impairment.  42 U.S.C. § 423(d)(5)(A).  Statements from physicians which are without explanation and are unsupported by diagnostic findings or a medical explanation are not sufficient to prove disability in the fact of conflicting evidence.  Jones v. Sullivan, 954

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Like the District Court's, our review of the record is limited to whether there is substantial evidence to support the decision of the ALJ.  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).  We are bound by the ALJ's findings of fact if they are supported by substantial evidence.  Id.  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).

F.2d 125, 129 (3d Cir. 1991); See also Plummer v. Apfel, 186 F.3d 422, 430 (3d Cir. 1999) ("The ALJ was entitled to place greater reliance on the doctor's full medical opinion than his cursory answers to the interrogatories.").

Mangrum objects to the ALJ's refusal to credit statements from his treating physicians that he is disabled. He points to certifications from two treating physicians that he could not work due to chronic back pain. The one-page certifications do not provide any explanations, medical details, or diagnostic findings. Other physicians gave medical details but did not assess whether he is functionally limited or disabled. Dr. Witherell, for example, states that Mangrum has a degenerative disk disease that might result in lower back pain, but does not state whether he was or is limited from working.

The ALJ reviewed and discussed the substantive medical information provided by Mangrum. The ALJ noted that treating physicians had variously stated that Mangrum had a full range of motion and no musculoskeletal or neurologic abnormalities. The ALJ also found that both his observations at the hearing and Mangrum's own account of his daily activities were inconsistent with a functional disability.

Additionally, the state physicians who reviewed the reports of the various treating physicians concluded that Mangrum was capable of a full range of light work. The ALJ credited these reports over Mangrum's medical certifications because they were more consistent with the substantive medical evidence. See 20 C.F.R. § 416.927(d)(4). The ALJ found that the one-page certifications were not entitled to any special weight because

3

they were conclusory and unsupported by medical evidence. See § 416.927(d)(2). The ALJ did not err by crediting the opinions from state physicians over the certificates. See Jones, 954 F.2d at 129 (conclusory statements of disability from Jones' treating physicians were not controlling when two state agency physicians evaluated the relevant medical evidence and concluded that the evidence did not show a condition that would preclude gainful employment).

Because we find that the ALJ's decision is supported by substantial evidence, we will affirm the judgment of the District Court.